## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **JEFFREY ALAN FLORREICH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:06cv442-MHT** |
| | § | **(Tallapoosa County Case No.** |
| **VICTORIA LYNNE MEISTER, et. al.,** | § | **CV-06-47)** |
| | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S PETITION TO REMAND

COMES NOW, the Defendant, Victoria Lynne Meister, by and through undersigned counsel, and responds to the Plaintiff's Petition to Remand as follows:

1.     The Plaintiff asserts in his Petition to Remand that the amount in controversy is less than the amount required for diversity jurisdiction to exist and as proof thereof he claims that he "does not seek any award in excess of Seventy Five Thousand Dollars ($75,000.00)." However, the Plaintiff would have no control over the amount a jury may award for the punitive damages claimed in his complaint, if such damages were deemed appropriate, regardless of the fact that the Plaintiff claims to not be seeking damages exceeding $75,000.00

2.     According to the Plaintiff's Complaint, on or about April 24, 2004, the Plaintiff was a passenger in a vehicle being driven on U.S. Highway 280, when a motor vehicle operated and/or occupied by the Defendant collided with the vehicle in which the Plaintiff was riding as a passenger. As a result of the impact, the Plaintiff alleges that he suffered severe injuries. The Plaintiff's cause of action for wantonness raises the possibility of punitive damages,

which are being demanded in this case, in addition to compensatory damages. Further, the Plaintiff has alleged other elements of damages including mental anguish and pain and suffering, which are discretionary with the jury and have no limit, and a claim for damages for past and future medical expenses and lost wages.

3.  The Plaintiff's Complaint does not state a particular amount of damages sought. Accordingly, the Court must look to the potential for recovery under the type of damages sought for the causes of action presented. Holley Equipment Co. vs. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987). Based upon the Plaintiff's severity of injuries and potential for punitive damages as demanded by the Plaintiff, the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. Indeed, the Plaintiff originally demanded policy limits ($100,000.00) to settle his claim before filing suit, which is a monetary amount substantially in excess of $75,000.00. (See Correspondence from Plaintiff's counsel to Alice Carey, attached hereto as Exhibit "A").

4.  The Plaintiff's alleged injuries include a ligament strain in the right hand causing thumb pain, a meniscus tear to the right knee that required surgery, and left ankle strain and post-traumatic arthritic change that also required surgery. The Plaintiff alleges to continue to suffer from pain from these injuries. The Plaintiff's total medical expenses that this Defendant is aware of at this time equal approximately $25,326.68. Furthermore, the Plaintiff is making a lost wages claim for $1,110.00. Therefore, based on the type of injuries and the amount of medical expenses and lost wages incurred thus far, combined with the potential for punitive damages as demanded by the Plaintiff, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5.  Furthermore, complete diversity exists in this case. Diversity jurisdiction exists over a

controversy between citizens of different states.  28 U.S.C. § 1332(a).   The Plaintiff is a resident of Alabama, and the Defendant is a resident of Georgia.  Where the Plaintiff is a citizen of and domiciled in Alabama and the Defendant is a citizen of and domiciled in Georgia, complete diversity of citizenship exists.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Court to deny the Plaintiff's Petition to Remand on the grounds that complete diversity of citizenship exists between the Plaintiff and the Defendant and the amount in controversy potentially exceeds $75,000.00 notwithstanding Plaintiff's claim that he is not seeking damages exceeding $75,000.00. In the alternative, if the case is to be remanded, the Defendant respectfully requests this Court to order the Plaintiff to submit to the Court of relevant jurisdiction a stipulation that all damages exceeding $75,000.00, exclusive of interest and costs, are hereby and forever waived.

Respectfully submitted,


/s/ ALEX L. HOLTSFORD, JR.  (HOLT9586)
/s/ SUSAN DEHGHANI-SANICH (DEHGS0677)
Attorneys for the Defendant, Victoria Lynne Meister

OF COUNSEL:
NIX HOLTSFORD GILLILAND
    HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585
(334) 215-7101 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have on the 22 day of June, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Michael L. McKerly
Pritchard, McCall & Jones, L.L.C.
800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605

/s/ ALEX L. HOLTSFORD, JR.  (HOLT9586)