IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| JEFFREY ALAN FLORREICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:06cv442-MHT |
| ) | |
| VICTORIA LYNNE MEISTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM BRIEF AND SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

COMES NOW, the Plaintiff, Jeffrey Alan Florreich, by and through his attorneys of record, Pritchard, McCall & Jones, LLC, and pursuant to this Court's Order submits his brief in support of his Motion to Remand this action to the Circuit Court of Tallapoosa County, Alabama.

**Factual Background**

Jeffrey Alan Florreich was injured in an automobile accident in Tallapoosa County, Alabama on April 24, 2004. The accident occurred in an intersection on U.S. Highway 280. An automobile driven by the Defendant, Victoria Lynne Meister, collided with an automobile driven by the Plaintiff.

At the time of the accident, the Plaintiff was a resident of Jefferson County, Alabama and the Defendant, Victoria Lynne Meister, was believed to be residing in Atlanta, Georgia. It is also believed that the Defendant still resides in Georgia.

The civil lawsuit was filed in Tallapoosa County, Alabama on May 16, 2006. Thereafter, and in a timely fashion, the Defendant removed this action to the Middle District of the United States District Court in Montgomery, Alabama. The Plaintiff now seeks remand of this action to Tallapoosa County Circuit Court and has filed and Affidavit in support thereof which is attached hereto and made a part hereof as Exhibit A.

**Legal Argument**

A.    INTRODUCTION

Diversity jurisdiction is not present in this case and remand is required because the Plaintiff is not seeking damages in excess of seventy five thousand dollars ($75,000). The requirements for diversity jurisdiction are set forth in 28 U.S.C.A. § 1332(a)(1), which states, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states." When

these requirements are satisfied, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system. 28 U.S.C.S. § 1441. Though diversity of citizenship exists between the parties, the amount in controversy does not exceed $75,000, exclusive of costs and interests. Thus, Defendant has failed to meet the statutory requirements of diversity jurisdiction pursuant to 28 U.S.C. § 1332, removal was improper, and remand is required.

B.   LEGAL STANDARD

The U.S. District Courts are granted jurisdiction over civil matters where diversity of citizenship exists and the amount in controversy exceeds $ 75,000, by 28 U.S.C. § 1332. This statute is to be strictly construed so as to limit federal jurisdiction. *Morrison v. Allstate Indem*. *Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000). A defendant seeking removal of a case from state court to U.S. District Court pursuant to 28 U.S.C. § 1332 has the burden of proving federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).

If the question of whether this Court has original jurisdiction over this matter is not clearly evident, the case must be remanded back to state court. Significant federalism concerns are raised by removal jurisdiction and, therefore, the removal statutes must be strictly construed to resolve all doubts about federal court jurisdiction in favor of a remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *See also Burns v. Windsor Inc. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (holding "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

C.  AMOUNT IN CONTROVERSY

Plaintiff does not dispute that diversity of citizenship exists between the parties. The sole jurisdictional issue is whether Defendant has failed to show that the amount in controversy requirement has been satisfied. Because the plaintiff, Florreich, did not plead a specific amount of damages in the Complaint, "the removing defendant, must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co*., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001)). In this situation, the court should look to the notice of removal and may require relevant evidence from the parties. However, "a conclusory allegation in the notice of removal that the jurisdictional amount is satisfied without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id*. at 1319.

Defendant does not fulfill the burden of establishing diversity jurisdiction by merely making a conclusory assertion that the amount in controversy exceeds $75,000. In *Williams v. Best Buy Co.*, a slip and fall case, the amount in controversy was not facially apparent from the plaintiff's Complaint when the plaintiff demanded general, special, and punitive damages for permanent physical and mental injuries as well as substantial medical expenses, lost wages, and diminished earning capacity for an indefinite time. 269 F.3d 1316, 1320 (11th Cir. 2001). The defendant's notice of removal merely asserted that the jurisdictional amount was satisfied and only cited the plaintiff's failure to stipulate that the claims did not exceed $75,000 to support this conclusion. *Id*. The court held that the defendant's conclusory allegation supported only by plaintiff's failure to stipulate, was insufficient to meet the defendant's burdens of establishing

the requisite amount in controversy. *Id*. In the present case, the defendant cites the severity of Plaintiff's injuries and potential for punitive damages in their notice of removal to support the assertion that over $75,000 is involved in this suit. Similarly to the inadequate support in *Williams*, the defendant's reference to the type and potential of damages involved in this case does not fulfill the burden establishing the jurisdictional requirements are met..

In the Notice of Removal, Defendant alleges that Plaintiff has met the statutory minimum of $75,000 despite the fact that Plaintiff did not name a compensatory or punitive damage figure sought. In *Jarrell v. Giles*, a case with facts very similar to those in the case at hand, the Plaintiff's Complaint alleged that as a result of a car accident, he "suffered serious injuries to his body and has incurred medical expenses in the amount of $32,542.63 and has otherwise been damaged," and prayed for an award of "general and special damages." No. 5:06-CV0135, 2006 U.S. Dist. LEXIS 27336 at *4. Because the plaintiff's medical expenses were far below the required amount in controversy and no other facts indicated the plaintiff sought more than $75,000, the court in *Jarrell* determined that it was not apparent from the facts of the Complaint that the amount in controversy was sufficient. The Plaintiff in the case at hand has incurred medical cost approximately the same as those in *Jarrell*. Accordingly, the total medical expenses coupled with the fact that Plaintiff is seeking punitive damages does not support Defendant's erroneous claim that the jurisdictional amount is satisfied.

The jurisdictional amount is measured at the time the Complaint is filed and, thus, a plaintiff "cannot reduce her claim for damages after removal to defeat federal court jurisdiction." <u>Lacey v. Dollar General Corp.</u>, No. 2:05cv1051-D, 2005 WL 3240708 (M.D. Ala. 2005) (*citing* <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 US 283, 293-94 (1938)). However, the Court for the Middle District of Alabama has been willing to accept a plaintiff's affidavit as sufficient proof that the damages sought will not exceed $75,000. *Id*. In <u>Lacey v. Dollar General Corp.</u>, the plaintiff sought "unspecified compensatory and punitive damages" after she tripped in the defendant's store. *Id*. The defendant removed the suit to federal court based on diversity jurisdiction claiming that the amount in controversy exceeded $ 75,000. *Id*. In an affidavit, the plaintiff said she did not intend to seek over $75,000 at the time the Complaint was filed and "the amount of damages claimed is and will forever be less than the jurisdictional minimum," the court granted the plaintiff's motion to remand based on the fact that the court was divested of subject matter jurisdiction over the removed case. *Id*. at *5. Based on the court's acceptance of the plaintiff's affidavit in *Lacey*, Plaintiff's affidavit is sufficient to divest the federal court of jurisdiction because, like the plaintiff in *Lacy*, the affidavit is made in good faith and is binding.

The Eleventh Circuit Court of Appeals has held that a plaintiff's affidavit does not even have to bind a Plaintiff's claim indefinitely. See *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994). In *Burns v. Windsor*, the plaintiff refused to file a statement stating that in the future she would not attempt to collect more than $ 50,000 (the required jurisdictional amount at the time). Plaintiff would only respond that her present claim was for $ 45,000 (for which she offered to settle immediately), but that the amount may change "upon a worsening health condition of the plaintiff, or perhaps greater punitive damages would be justifiable if facts

discovered during the litigation showed a more sinister or oppressive character." *Id*. Though on appeal the court held that the defendant did not meet their burden of proof and the plaintiff's statement that she was presently claiming below the jurisdictional requirement was acceptable, the court warned, "because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer." *Id*. at 1095. Because the Court is accepting the assertion that Plaintiff was not seeking over $ 75,000 when the Complaint was filed and does not intend to seek such an amount, the court seems to be less persuaded by and willing to accept the qualification that if the case is not remanded, Plaintiff reserves the right to seek and accept over $ 75, 000.

The mere possibility that a jury may award over $ 75,000 is insufficient support to establish subject matter jurisdiction. Defendant erroneously relies on the fact that "the Plaintiff will have no control over the amount a jury may award for the punitive damages claimed inn his complaint, if such damages were deemed appropriate, regardless of the fact that Plaintiff claims to not be seeking damages exceeding $ 75,000." (Defendant's Response to Plaintiff's Petition to Remand, p1). The Eleventh Circuit Court of Appeals has explicitly rejected such faulty reasoning by stating:
> [this] approach would greatly expand federal diversity jurisdiction. Under defendant's proposed rule, anytime a plaintiff sued for less than the jurisdictional amount but there remained even a possibility that she would amend her claim or be awarded more than she pleaded, jurisdiction would exist. This approach would unacceptably broaden removal jurisdiction.

*Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994) (citing 14A Wright and Miller, Fed. Practice and Procedure §§ 3702, 3725). Accordingly, Defendant's reliance on speculation does not fulfill their burden of establishing diversity jurisdiction, especially in light of the fact that the removal statutes must be strictly construed to resolve all doubts about federal court jurisdiction in favor of a remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

Binding, post removal stipulations are routinely given effect by many courts. See, e.g., *McGhee v. Allstate Indem. Co.*, 928 F. Supp. 1102, 1104 (M.D. Ala. 1996); *Taylor v. Campell, 825 F. Supp. 978, 980* (M.D. Ala. 1994); *Moore v. Toyota Motor Corp.*, 64 F. Supp. 2d 612, 614 (N.D. Miss. 1999); *Adkins v. Gibson*, 906 F. Supp. 345, 347 (S.D. W.Va. 1995). In *Moss v. Voyager Ins. Co.*, 43 F. Supp. 2d 1298 (M.D. Ala. 1999), the court remanded the case when a plaintiff irrevocably stipulated neither to seek nor accept more than $75,000, even if a jury verdict exceeded that amount. The stipulation "clarified the Complaint by identifying" the true amount in controversy, and satisfied the court that this amount would never exceed the jurisdictional minimum. *Id.* at 1303.

In *Taylor v. Cambell*, the plaintiff's Complaint claimed $48,000 in compensatory and punitive damages in each of three counts. *852 F. Supp. 978 (M.D. Ala. 1994).* In support of the Motion to Remand, the plaintiff stated that he sought less than $50,000, and attached an affidavit to that effect. *Id*. Defendants alleged that plaintiff was attempting to amend the Complaint after removal to reduce the amount in controversy to a sum below the jurisdictional amount of the

court. *Id*. The court ruled that the motion for remand was to be issued if plaintiff filed an affidavit with information specified by the court to satisfy the court to a legal certainty that any recovery was to be for less than the jurisdictional amount. *Id*. The affidavit stated that the plaintiff did not intend to seek damages in excess of $48,000 at the time the Complaint was filed, that he irrevocably agreed that the amount of damages was, and would forever be, for no more than $48,000, exclusive of interest and costs, that a settlement or any judgment could be for no more than $ 48,000, and that the agreement was binding. *Id*. The court ordered that the motion for remand would be granted if the plaintiff filed an affidavit by a certain date that contained specified information to satisfy the court that the recovery in the case was to be for less than the jurisdictional amount. *Id*.

As in *Taylor*, the Plaintiff in the present case has made a binding, affidavit stating that he did not intend to seek over $75,000 at the time the Complaint was filed. Furthermore, Plaintiff also states that, in this case, he will neither seek nor accept an award for more than the jurisdictional amount if remanded to Circuit Court of Tallapoosa County, Alabama. In light of the precedent discussed, it is clear that the integrity of Plaintiff's damages limitation should not be questioned. Therefore, the Court is divested of subject matter jurisdiction over this removed case and remand is required.

## **CONCLUSION**

The Defendant has failed to fulfill her burden to show that jurisdiction is proper in federal court, as the requisite amount in controversy does not exist. Therefore, removal was improper, and this case is due to be remanded to the Circuit Court of Tallapoosa County, Alabama**.**

                                                  /s/Michael L. McKerley
                                                  Of Counsel

Pritchard, McCall & Jones, LLC
800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
205.328.9190

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing pleading has been served upon the following counsel by placing a copy of the same in the Untied States Mail, postage prepaid and properly addressed on this the 13th day of June, 2006.

Alex L. Holtsford, Jr.
Susand Dehghani-Sanich
Nix, Holtsford, Gilliand, Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128

            /s/Michael L. McKerley
            Of Counsel